OPINION
Defendant-appellant, Gregory A. Fagaly, appeals a decision of the Butler County Area III Court. The court found that appellant was guilty of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). We affirm.
On December 27, 1996, Officer Nick Vrettos received a police call to investigate a disturbance at the Back Porch Saloon ("saloon") caused by an intoxicated person. As the officer arrived at the saloon, he noticed an individual standing outside the door of the saloon pointing at a vehicle leaving the parking lot. The officer assumed that the person who was pointing at the vehicle was an employee of the saloon, and that the person who had caused the disturbance was in the vehicle. Appellant was the driver of the vehicle.
The officer pursued the vehicle and initiated a traffic stop. The officer testified that he did not observe the vehicle violate any traffic laws prior to making the traffic stop. While approaching the vehicle, the officer noticed a strong odor of alcohol coming from appellant. The officer asked appellant to exit the vehicle and to take a field sobriety test. Appellant failed the field sobriety test. Appellant was also given a breathalyzer test. The results of the test showed that appellant had a blood alcohol concentration of .177%.
Appellant was charged with violating R.C. 4511.19(A)(1) (driving under the influence of alcohol), and 4511.19(A)(3) (driving with a prohibited concentration of alcohol in his breath). Appellant filed a motion to suppress all evidence gained by police after the stop of his vehicle. Appellant argued that the officer did not have sufficient reasonable suspicion to stop appellant's vehicle. The court overruled appellant's motion to suppress on April 1, 1997. Thereafter, appellant pled no contest to the charges. The court found appellant guilty of both charges, and merged the violation of R.C. 4511.19(A)(1) with the violation of R.C. 4511.19(A)-(3). On appeal, appellant raises the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS.
Appellant argues that the officer did not have sufficient reasonable suspicion that appellant was driving under the influence of alcohol. A police officer may stop and question a person if there are reasonable grounds to believe that the person is wanted for past criminal conduct, is currently engaged in criminal conduct, or will in the future be involved in a crime. United States v. Cortez (1981), 449 U.S. 411, 417, 101 S.Ct. 690,695.
The standard applied to an investigatory stop is "reasonable suspicion." Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. Reasonable suspicion is described "simply as `a particularized and objective basis' for suspecting the person stopped of criminal activity." Ornelas v. United States (1996), ___ U.S. ___, 116 S.Ct. 1657, 1661, quoting Cortez, 449 U.S. at 417-418,101 S.Ct. at 694-695. An appellate court has authority to review de novo trial court determinations of reasonable suspicion. Ornelas at ___, 116 S.Ct. at 1662; State v. Amburgy (Aug. 4, 1997), Warren App. No. CA96-12-133, unreported, at 4.
The law enforcement interest in the context of a crime involving a threat to public safety may outweigh an individual's interest to be free of a stop and detention. United States v. Hensley (1985), 469 U.S. 221, 229, 105 S.Ct. 675, 680. An intoxicated driver may be a threat to public safety. Upon arrival at the saloon, the officer had two choices: (1) stop appellant to investigate if he was the intoxicated patron described in the police call, or (2) disregard the person pointing at appellant's car, go into the saloon to investigate the police call, and in the process possibly allow the intoxicated patron to drive away and cause harm. Based upon the facts before the officer, we believe that the officer made the correct choice. See, also, Fairfield v. Ogard (Oct. 2, 1995), Butler App. No. CA94-12-219, unreported, at 3-5; State v. Loop (Mar. 14, 1994), Scioto App. No. 93CA2153, unreported, at 9.
We recognize that "[g]enerally, an anonymous tip, standing alone, will not `warrant a man of reasonable caution in the belief that [a stop] was appropriate.'" Ogard at 3, quoting Alabama v. White (1990), 496 U.S. 325, 329, 110 S.Ct. 2412, 2416. However, in the present case, the officer had more than an anonymous tip to justify his decision to stop appellant because the tip was corroborated by the person pointing at appellant's vehicle.
Accordingly, after thoroughly reviewing the record, we find that the officer had a reasonable, articulable suspicion to justify his decision to stop appellant. The trial court did not err in overruling appellant's motion to suppress. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.